UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alluette Karen Jones, | ) | Case No. 2:20-cv-02950-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Mikell R. Scarborough; | ) | |
| Andrew Sullivan; John Moore; | ) | |
| and Ian O'Shea, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Alluette Karen Jones ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action challenging the foreclosure of her home in Charleston County, South Carolina. Under Local Civil Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review this case and submit a recommendation to the United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without prejudice.

## BACKGROUND

The instant case stems from a state foreclosure action that resulted in the foreclosure and sale of Plaintiff's home after she apparently defaulted on her mortgage payments and failed to respond to the mortgage holder's civil complaint.[1] (*See* Case No. 2018-CP-10-02344.) Plaintiff now brings this federal action alleging wrongful foreclosure and fraud on the basis that the state court lacked jurisdiction over the foreclosure of her home. According to Plaintiff, she was never

---

[1] The undesigned hereby takes judicial notice of Plaintiff's underlying state foreclosure action and any related federal actions filed in this Court. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that a federal court may take judicial notice of the contents of its own records, as well as those records and proceedings of other courts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (same); *see also Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

served with the mortgage holder's summons and complaint and, consequently, did not know about the foreclosure action or her rights to foreclosure intervention. (*See* Dkt. No. 1 at 3, 5; Dkt. No. 13 at 3, 5; Dkt. No. 18.) Plaintiff is therefore "suing to keep [her] home" and seeks "damages for wrongful foreclosure." (Dkt. No. 1 at 5; Dkt. No. 13 at 5.) She names the presiding Master-In-Equity, Judge Scarborough, as a Defendant, as well as the attorneys involved in the state foreclosure action and subsequent sale of her property.[2]

After reviewing Plaintiff's initial pleading, the undersigned issued an order notifying Plaintiff that her case was not in proper form. (Dkt. No. 7.) Specifically, Plaintiff had submitted an incomplete Application to Proceed Without Prepayment of Fees ("Form AO 240") and failed to provide the Court with a completed set of proposed service documents. She also forgot to sign her Complaint. In light of Plaintiff's *pro se* status, however, the undersigned gave her twenty-one days to remedy these deficiencies and bring her case into proper form. The order made clear that the Court could not review the substance of Plaintiff's claims for possible service of process until she provided the requested information. The order also emphasized that if Plaintiff did not follow the undersigned's instructions within the time permitted, her case would be dismissed "for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure." (Dkt. No. 7 at 2.)

In compliance with the undersigned's instructions, Plaintiff submitted a properly completed Form AO 240 (Dkt. No. 15) and a signed pleading (Dkt. No. 13).[3] Plaintiff did not, however,

---

[2] Based on the undersigned's review of the relevant judicial records, it appears Defendant Sullivan represented the mortgage holder, SRP 2011-6 LLC; Defendant Moore represented the note holder, Synovus Bank NBSC; and Defendant O'Shea represented the individual who bought Plaintiff's home at auction, Troy Barber.

[3] Rather than simply submitting a completed signature page, Plaintiff filed an entirely new pleading. (Dkt. No. 13.) However, this Amended Complaint—while substantively the same as Plaintiff's initial pleading—was somewhat less detailed. Accordingly, the undersigned decided to consider Plaintiff's original Complaint (Dkt. No. 1) and Amended Complaint (Dkt. No. 13) together in an abundance of caution. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that courts must construe *pro se* pleadings liberally); *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (emphasizing "the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities") (internal citations omitted).

2

provide the proposed service documents requested by the Court. Nevertheless, the undersigned finds that any further opportunities to bring this case into proper form would ultimately be futile, as Plaintiff's claims are subject to summary dismissal regardless of the omitted service documents.

## **LEGAL STANDARD**

Plaintiff filed this Complaint[4] pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Thus, a claim based on a "meritless legal theory" may be dismissed *sua sponte* at any time under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl.*

---

[4] Unless specified otherwise, any further references to the "Complaint" herein encompass Plaintiff's original Complaint (Dkt. No. 1), Amended Complaint (Dkt. No. 13), and the attachments thereto (Dkt. Nos. 1-1, 18).

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for all civil actions). Such is the case here.

## DISCUSSION

Because Plaintiff has failed to submit a completed set of proposed service documents, the undersigned finds that this action is subject to summary dismissal under Rule 41(b), Fed. R. Civ. P., for failure to comply with an order of this Court. Notwithstanding Plaintiff's failure to bring her case into proper form, however, the undersigned finds that the Court cannot exercise jurisdiction over Plaintiff's claims in any event.

**I.     The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint**

Federal courts are courts of limited jurisdiction, meaning they possess only that power authorized by Article III of the United States Constitution and affirmatively granted by federal statute. *Willy v. Coastal Corp.,* 503 U.S. 131, 136–37 (1992); *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Pursuant to this limited power, there are two primary bases for original federal jurisdiction: (1) "diversity of citizenship," under 28 U.S.C. § 1332; and (2) "federal

4

question," under 28 U.S.C. § 1331. Plaintiff's Complaint appears to allege that federal question jurisdiction applies here.[5] (*See* Dkt. No. 1 at 3; Dkt. No. 13 at 3.)

To establish federal question jurisdiction, the plaintiff must assert a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he complaint must, however, contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect." *Burgess v. Charlottesville Savings and Loan Assoc.*, 477 F.2d 40, 43 (4th Cir. 1973) (internal quotation marks and citations omitted). In other words, the court "must look beyond the verbiage of a complaint to the substance of the plaintiff's grievance. . . . " *Id.* Federal jurisdiction therefore requires "more than a simple allegation that jurisdiction exists or citation to a federal statute, and a mere allegation that a federal statute has been violated is not sufficient to invoke federal jurisdiction." *Brantley v. Nationstar Mortg. LLC*, No. 9:19-cv-0490-BHH-BM, 2019 WL 8918793, at *3 (D.S.C. Oct. 8, 2019), *adopted*, 2020 WL 1181309 (D.S.C. Mar. 11, 2020) (internal citations omitted).

A. **Federal Question Jurisdiction**

Plaintiff's Complaint makes several vague assertions that Defendants violated various—mostly inapplicable—federal laws. (*See, e.g.*, Dkt. No. 1 at 3, referencing the "REIN Act," the "Regulatory Accountability Act," and "procedural due process;" Dkt. No. 13 at 3, referencing "federal protection for tenants at foreclosure," "federal civil procedure," and 28 U.S.C. § 636.) Beyond these cursory references, however, Plaintiff offers no intelligible, substantive factual allegations that logically connect these federal statutes to Defendants' purported conduct. Plaintiff simply cannot invoke federal question jurisdiction based on unsupported citations to inapplicable federal authorities. *See, e.g.*, *Rivers v. Goodstein*, No. 2:18-cv-2032-RMG-MGB, 2018 WL

---

[5] Because all parties are citizens of South Carolina, the undersigned agrees that diversity jurisdiction does not apply to the instant case. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978) (explaining that complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side).

4658487, at *6 (D.S.C. Sept. 7, 2018), *adopted*, 2018 WL 4656239 (D.S.C. Sept. 27, 2018) (explaining that the "mere recitation of inapplicable statutes in connection with patently frivolous claims" will not save a *pro se* complaint from dismissal); *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (noting that a federal court lacks subject matter jurisdiction over a complaint raising claims "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy") (internal citations omitted); *Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020), *aff'd*, 848 F. App'x 564 (4th Cir. 2021) (finding no basis for federal question jurisdiction where complaint failed to allege sufficient facts in support of conclusory references to purported federal violations); *Jones v. Cherry*, No. 0:20-cv-3489-JFA-PJG, 2020 WL 7055562, at *2 (D.S.C. Dec. 1, 2020), *adopted*, 2020 WL 7332876 (D.S.C. Dec. 14, 2020) (same). Therefore, the undersigned finds no basis for applying federal question jurisdiction in the instant case.

    **B.**    **State Law Claims**

If a federal district court has original jurisdiction over a civil action, it shall also have supplemental jurisdiction over any state law claims that are "so related" to the claims under the court's original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). On the other hand, without original jurisdiction, a federal court generally cannot exercise supplemental jurisdiction over state law claims. *See id.* § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that "if the federal claims are dismissed . . . , the state claims should be dismissed as well"); *see also Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-

diverse litigants."). Given that Plaintiff has not alleged complete diversity of parties or a valid federal cause of action, the undersigned finds that the Court lacks subject matter jurisdiction over this action and, thus, should not exercise supplemental jurisdiction over Plaintiff's state law claims.

**II.    Plaintiff's Claims Are Barred Under the *Rooker-Feldman* Doctrine**

Even if the Court could exercise federal subject matter jurisdiction over Plaintiff's Complaint, the undersigned finds that Plaintiff's claims are still precluded under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under the *Rooker-Feldman* doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Insurc. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *see also Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 195 (4th Cir. 2002) (noting that because the *Rooker–Feldman* doctrine is jurisdictional, it may be raised by the court *sua sponte*). This general rule "extends not only to issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.'" *See Boyd v. Simmons*, No. 6:18-cv-576-BHH-JDA, 2018 WL 4999804, at *2 (D.S.C. Mar. 14, 2018), *adopted*, 2018 WL 4356579 (D.S.C. Sept. 13, 2018) (referencing *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). An issue is "inextricably intertwined" with a state court decision "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997).

As noted above, Plaintiff claims that the state court lacked jurisdiction over her foreclosure action and therefore entered a judgment procured by fraud. (Dkt. No. 1 at 5; Dkt. No. 13 at 5.) In other words, Plaintiff is attacking the validity of the state court foreclosure proceedings and seeking

damages for what she believes was an improper foreclosure and sale. To grant this relief, however, the Court would have to conduct what amounts to an appellate review of issues already decided by a state court of competent jurisdiction, and override, or otherwise find invalid, the determinations that ultimately resulted in the foreclosure judgment issued by Judge Scarborough. This is precisely the type of impermissible "appellate review" barred under the *Rooker-Feldman* doctrine. *See, e.g.*, *Brantley v. Nationstar Mortg. LLC*, No. 9:19-cv-0490-BHH-BM, 2019 WL 8918793, at *4 (D.S.C. Oct. 8, 2019), *adopted*, 2020 WL 1181309 (D.S.C. Mar. 11, 2020) (finding that claims were barred under *Rooker-Feldman* doctrine where plaintiff was "attempting to attack the validity of the state court foreclosure proceedings and judgment," and the requested relief would have required the court "to invalidate the judicial findings made in the state court foreclosure action"); *Boyd*, 2018 WL 4999804, at *3 (dismissing plaintiff's claims pursuant to *Rooker-Feldman* where complaint challenged defendants' authority to secure a lien and judgment against plaintiff's property in state foreclosure proceeding); *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 235–39 (4th Cir. 2013) (ruling that borrowers' claims challenging practices engaged in by defendants during foreclosure proceedings were barred by *Rooker-Feldman*). Because this Court lacks jurisdiction to review the judicial decisions rendered in the state court's foreclosure action and grant Plaintiff the relief she seeks, the undersigned finds that this case is also subject to summary dismissal pursuant to the *Rooker-Feldman* doctrine.[6]

---

[6] Indeed, the Court reached this same conclusion in an almost identical federal action previously filed by Plaintiff against Judge Scarborough, Andrew Sullivan (attorney for the mortgage holder, SRP 2011-6 LLC), and several other defendants involved in the foreclosure of her home. (*See* Case No. 2:19-cv-02901-DCN-MGB.) Similar to the instant case, Plaintiff sought damages for wrongful foreclosure and fraud, alleging that the state court foreclosed on her property without first obtaining "proper jurisdiction." The undersigned ultimately concluded that Plaintiff was "asking the Court for relief it could grant only by wading into and invalidating findings made in the foreclosure action," and therefore recommended that the complaint be summarily dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. (Case No. -2901, Dkt. No. 7 at 4.) The Court later adopted the undersigned's recommendation and dismissed Plaintiff's case without prejudice. Thus, while the parties in these federal lawsuits are not entirely the same, the two cases overlap greatly in their factual allegations and the relief sought, rendering the instant action duplicative and frivolous. *See Paul v. de Holczer*, No. 3:15-cv-2178-CMC-PJG, 2015 WL 4545974 (D.S.C. July 28, 2015), *aff'd*,

**III.     Judge Scarborough Is Entitled to Absolute Judicial Immunity**

Notwithstanding this Court's lack of jurisdiction over the Complaint, the undersigned also notes that Judge Scarborough is likely immune from Plaintiff's claims under the doctrine of absolute judicial immunity. It is well settled that judges are absolutely immune from civil suit for actions taken in their judicial capacity. *See, e.g.*, *Mireless v. Waco*, 502 U.S. 9, 11–12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Even if a decision is erroneous or improper, judges are not thereby deprived of immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (internal citation omitted). Moreover, absolute judicial immunity is a protection from suit, not just from damages. *Mireless*, 502 U.S. at 11; *see also Lepelletier v. Tran*, 633 F. App'x 126, 127 (4th Cir. 2016).

Masters-in-Equity, like Judge Scarborough, fall within South Carolina's unified judicial system and "exercise all power and authority which a circuit judge sitting without a jury would have in a similar matter." S.C.R.C.P. 53(c); *see also Holmes v. Becker*, No. 2:17-cv-2949-BHH, 2019 WL 1416875, at *5 (D.S.C. Mar. 29, 2019), *aff'd*, 785 F. App'x 183 (4th Cir. 2019), *cert. denied*, 141 S. Ct. 959 (2020). Consequently, absolute judicial immunity applies to Masters-In-Equity for their judicial actions. Because Plaintiff's allegations against Judge Scarborough are based solely on his judicial actions as the Master-In-Equity in her foreclosure proceedings, such claims barred under the doctrine of absolute judicial immunity. *See, e.g.*, *Holmes*, 2019 WL 1416875, at *5 (dismissing plaintiff's claims against Judge Scarborough where allegations were premised on judicial acts he made as the master-in-equity in connection with state court litigation); *Dudley v. IndyMac Bank*, No. 2:08-cv-3658TLWTER, 2009 WL 2929296, at *3 (D.S.C. Sept. 9,

---

631 F. App'x 197 (4th Cir. 2016) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous or malicious.") (internal citations omitted).

2009) (explaining that master-in-equity was immune from plaintiff's claims stemming from his role in foreclosure action).

## **CONCLUSION**

As stated above, the undersigned finds that Plaintiff's action is subject to summary dismissal for failure to comply with an order of this Court pursuant to Rule 41(b), Fed. R. Civ. P. However, for the reasons discussed herein, the undersigned further finds that providing Plaintiff with any additional opportunities to bring this case into proper form would be futile, as this Court clearly lacks jurisdiction over the Complaint. The undersigned therefore **RECOMMENDS** that this action be dismissed without prejudice and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 22, 2021
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).