# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Alluette Karen Jones, | Civil Action No. 2:20-2950-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Mike R. Scarborough, Andrew Sullivan, John Moore, and Ian O'Shea, | |
| Defendants. | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Plaintiff's complaint be dismissed. (Dkt. No. 22.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses Plaintiff's complaint.

## I.    Background

Plaintiff proceeds *pro se* and *in forma pauperis* to initiate this action. In the amended complaint, she alleges that the basis for federal question jurisdiction is "USC 28 Section 636, wrongful foreclosure federal protection for tenants at foreclosure permanently put into law, court lacking jurisdiction contesting affidavits, Federal Civil Procedure 56E1." The statement of claim is: "Wrongful foreclosure due to fraud, multiple property damage, personal and legal injuries caused by lack of jurisdiction." (Dkt. No. 13 at 3, 5.) As the Magistrate Judge notes, this claim appears to arise from a state foreclosure action that resulted in the foreclosure and sale of Plaintiff's home after she apparently defaulted on her mortgage payments and failed to respond to the mortgage holder's civil complaint. (*See* Case No. 2018-CP-10-02344.)[1] Plaintiff now brings this action to allege that the foreclosure and sale were fraudulent on the basis that the state

---

[1] The Court takes judicial notice of the records of court proceedings. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

-1-

court lacked jurisdiction. Plaintiff alleges that she was never served with the mortgage holder's summons and complaint and, consequently, did not have notice of the foreclosure action or her rights to intervene. (Dkt. No. 13 at 3, 5.) Regarding the relief sought, Plaintiff seeks "damages for wrongful foreclosure and any other relief that the court may grant for multiple fraud and misconduct such as punitive damages." (*Id*. at 5.) She names as Defendants the presiding Master-In-Equity, Judge Scarborough, as well as the attorneys involved in the foreclosure action and subsequent property sale who represented the mortgage holder, the note holder, and the purchaser.

## II.     Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III.    Discussion

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Magistrate Judge issued a Proper Form Order, notifying Plaintiff that she had submitted an

incomplete Application to Proceed Without Payment of Fees, failed to submit a completed set of proposed service documents, and failed to sign the complaint.  Plaintiff was provided twenty-one days to remedy these deficiencies and notified that failure to respond could result in dismissal under Rule 41. (Dkt. No. 7.)  Plaintiff thereafter submitted a completed AO 240 Form and signed her amended complaint, but again failed to provide the necessary and service documents, as was directed by the Magistrate Judge.

Plaintiff's failure to respond to the Magistrate Judge's orders indicates her intent not to continue prosecuting the claims.  This subjects the claims to *sua sponte* dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").  The Court therefore finds that the Magistrate Judge correctly concluded that this action should be dismissed with prejudice pursuant to Rule 41(b). *See Davis v. Williams*, 588 F.2d 69, 70-71 (4th Cir. 1978) (dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) is not abuse of discretion where plaintiff "is not blameless" and "there was a long history of delay").  The Court further finds that the Magistrate Judge correctly identified that any additional leave to bring this case into proper form would be futile because the claims are frivolous—the claim lacks an arguable basis in law or fact—as is prohibited by 28 U.S.C. § 1915(e)(2)(B). *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992).[2]  More specifically, as the Magistrate Judge discussed, the amended complaint fails to

---

[2] A complaint filed by a *pro se* litigant is held to a less stringent standard and its allegations are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

sufficiently plead that the Court has subject matter jurisdiction over the claims under 28 U.S.C. § 1331.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 22) as the order of the Court and **DISMISSES WITHOUT PREJUDICE** the amended complaint.

**AND IT IS SO ORDERED.**

                                                s/ Richard Mark Gergel
                                                Richard Mark Gergel
                                                United States District Judge

November 10, 2021
Charleston, South Carolina